IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09-40069-GPM |
| | ) |
| FRANKIE J. MAINES, | ) |
| | ) |
| Defendant. | ) |

**MOTION TO WITHDRAW AS COUNSEL**

COMES NOW court-appointed counsel for Defendant Frankie J. Maines, Federal Public Defender Phillip J. Kavanaugh, and moves for an Order allowing counsel to withdraw. In support, counsel states the following:

1.  On July 23, 2012, Ms. Maines filed, *pro se,* a motion for retroactive application of the sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582(c) and a motion to appoint counsel. (Doc. 708). Ms. Maines asked for retroactive application of the Fair Sentencing Act of 2010, effective August 3, 2010, to her sentence, citing *United States v. Dorsey*, 132 S.Ct. 2321(2012), which held that the Fair Sentencing Act (FSA) applied to all sentencings after its passage, even when the offense conduct predated the act. Ms. Maines was sentenced on September 13, 2010, after passage of the Act, to 135 months, the low end of the guideline range.

2.  This Court appointed the Office of the Federal Public Defender to represent Ms. Maines in her motion for retroactive application of the FSA. (Doc. 710, 711).

3.  At sentencing, the Court accepted the uncontested PSR determination that Ms. Maines's total offense level was 33, consisting of a base offense level of 34 for 1.4 kilograms of crack cocaine, a two level enhancement for use of a minor, and a three level reduction for acceptance

of responsibility. (Doc. 497, para 42, 53-61). Her criminal history category was one, and her sentencing range was 135 to 168 months. Ms. Maines was sentenced to the bottom of this range, 135 months. (Doc. 497, para 91).

4. The 2011 retroactive revision to the crack guidelines does not change the base offense level for 1.4 kilograms of crack cocaine, Ms. Maines's relevant conduct amount. Prior to the amendment, at least 500 grams but less than 1.5 kg of cocaine base corresponded to offense level 34. After the amendment, at least 840 grams, but less than 2.8 kg of cocaine base corresponds to offense level 34. Thus, application of the crack amendments does not lower Ms. Maines's guideline range.

5. Retroactive application of the Fair Sentencing Act also does not change Ms. Maines's guideline range. The FSA should apply to Ms. Maines because she was sentenced after the FSA's effective date of August 3, 2010. *Dorsey v. United States*, 132 S.Ct. 2321 (2012). However, the Fair Sentencing Act did not change the mandatory minimum term for Ms. Maines, whose relevant conduct was 1.4 kilograms of cocaine. The new triggering amount for the ten year mandatory minimum term is 280 grams or more of a mixture or substance containing crack cocaine, so her mandatory minimum remains ten years. Further, Ms. Maines's sentence was sentenced above the mandatory minimum, based on the guideline range.

6. Because undersigned counsel has concluded that Ms. Maines is ineligible for a sentence reduction under the 2011 retroactive Guideline amendments or *Dorsey*, counsel requests that he be allowed to withdraw and that Ms. Maines be allowed to proceed in this matter pro se.

7. Counsel requests that Ms. Maines be allowed 30 days from the entry of any Order allowing counsel leave to withdraw to further supplement his pro se motion.

WHEREFORE, undersigned counsel respectfully requests that this Court enter an Order allowing undersigned counsel leave to withdraw and allowing Ms. Maines to proceed pro se.

Respectfully submitted,

s/ Phillip J. Kavanaugh
PHILLIP J. KAVANAUGH
Federal Public Defender
650 Missouri Avenue, Room G10A
East St. Louis, Illinois 62201
(618) 482-9050

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on March 13, 2013, a copy of the above document was provided to:

George A. Norwood
Assistant United States Attorney
402 West Main Street
Benton, IL 62812

via electronic filing with the Clerk of the Court using the CM/ECF system, and to:

Caleb Rath
United States Probation Officer
Benton, Illinois Probation Office

via e-mail.

        *s/ Phillip J. Kavanaugh*
        PHILLIP J. KAVANAUGH